UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEONARDO QUISHPE,

                 Plaintiff,

    -against-

MANHATTAN CONCRETE, LLC,

              Defendant.

**MEMORANDUM AND ORDER**
Case No. 24-CV-2027

*For the Plaintiff:*
ANDREW M. LASKIN
Subin Associates
150 Broadway
New York, NY 10038

*For the Defendant:*
DAVID MEGLINO
Cole Schotz P.C.
1325 Avenue of the Americas
Suite 1900
New York, NY 10019

**BLOCK, Senior District Judge:**

This is a breach-of-contract action in which Leonardo Quishpe ("Quishpe" or "Plaintiff") seeks money allegedly owed by Manhattan Concrete, LLC ("Manhattan Concrete" or "Defendant") under the terms of a settlement agreement ("Settlement Agreement") the parties struck to resolve a prior lawsuit. Plaintiff has moved for summary judgment. *See* ECF No. 20. Because Defendant does not challenge the validity of the Settlement Agreement and concedes it has not made the payments due under it, Plaintiff's motion is granted.

## I.    Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'material' fact is one capable of influencing the case's outcome under governing substantive law, and a 'genuine' dispute is one as to which the evidence would permit a reasonable juror to find for the party opposing the motion." *Figueroa v. Mazza*, 825 F.3d 89, 98 (2d Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The movant bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *Martinez v. Agway Energy Servs., LLC*, 88 F.4th 401, 409 (2d Cir. 2023) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

## II.    Facts

The following facts are undisputed. Manhattan Concrete was a defendant in a prior personal injury action brought by Plaintiff: *Quishpe v. Urban Atelier Grp., LLC*, No. 21-CV-2723 (E.D.N.Y.). Def.'s Rule 56.1 Statement ("Def.'s SOF") ¶¶ 1–2, ECF No. 20-14. To settle that litigation, Manhattan Concrete agreed to pay Quishpe $400,000 in eight monthly installments. *Id.* at ¶¶ 3–6. The Settlement Agreement provided that "[t]he first payment shall be due on March 1, 2024 and the remaining payments shall be made on the first of each consecutive month

thereafter until payment is made in full." Settlement Agreement ¶ 2.1, ECF No. 20-4.

Quishpe never received the first $50,000 installment check that was due March 1, 2024. Def.'s SOF ¶ 10. On March 5, 2024, Quishpe's attorney advised Manhattan Concrete's counsel of this failure to pay the installment, *id.* at ¶¶ 11–12, and on March 8th, 2024, sent a demand for payment, Pl.'s Response to Def.'s SOF ¶ 20, ECF No. 20-16. On March 20, 2024, having still received no payment, Quishpe commenced this breach-of-contract action, seeking the entire $400,000 due under the Settlement Agreement. Def.'s SOF ¶ 13.

By the time the parties briefed Plaintiff's summary judgment motion, Manhattan Concrete had also failed to make the next four $50,000 installment payments. *Id.* ¶¶ 15, 17. The Court then held oral argument on Plaintiff's motion on June 5, 2025, several months after the October 2024 date by which the Settlement Agreement required Manhattan Concrete to have paid all eight installments. At oral argument, counsel for Manhattan Concrete confirmed the validity of the Settlement Agreement, and that her client had made none of these required payments. *See* June 5, 2025, Tr. at 2:17–18 ("We're not disputing that he did not pay.").

3

### III.    Discussion

As recounted above, Defendant does not dispute that it has paid none of the $400,000 owed under the Settlement Agreement. Rather, Defendant raises a technical objection, arguing that Plaintiff failed to meet the condition precedent to accelerating the entire $400,000 amount due since Plaintiff didn't wait a full five business days before making a demand for the first missed payment in March 2024. *See* Def.'s Mem. at 1, ECF No. 20-15. The Settlement Agreement provided for acceleration in the event a monthly payment is not made within 10 days of a good faith written demand by the Plaintiff following the expiration of a five-business-day grace period. *See* Settlement Agreement at ¶ 2.1. Defendant argues that this provision obliged the Plaintiff to wait until March 11, 2024, to send its initial written demand for the $50,000 installment. Def.'s Mem. at 5–6. Because the demand was premature, Defendant argues, so too was Plaintiff's acceleration of the entire amount due. *Id.*

However, the question of whether Plaintiff was entitled to accelerate the entire amount is now moot, as Manhattan Concrete concedes it has failed to remit any payments on the prescribed, *un*accelerated schedule set forth in the Settlement Agreement, which provides that the entire $400,000 was due months ago. Defendant acknowledges that it is bound by the Settlement Agreement and does

4

not dispute that it has paid Quishpe none of the money he is owed under it.

Accordingly, Plaintiff's motion for summary judgment is granted.

### IV.    Interest and Attorney's Fees

In addition to the $400,000 balance owed, Plaintiff seeks pre- and post-judgment interest, and attorney's fees.

"In a diversity case, state law governs the award of prejudgment interest." *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008). Here, New York law applies because the parties contracted to its application in the Settlement Agreement. *See* Settlement Agreement ¶ 8; *AEI Life, LLC v. Lincoln Benefit Life Co.*, 225 F. Supp. 3d 136, 143 (E.D.N.Y. 2016) ("[A] choice of law provision in the parties' contract is entitled to a presumption of enforceability." (citation modified)).

Under New York law, pre-judgment interest "shall be recovered upon a sum awarded because of a breach of performance of a contract[.]" N.Y. C.P.L.R. § 5001(a); *see also Graham v. James*, 144 F.3d 229, 239 (2d Cir. 1998) ("Under New York law, prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract." (citation modified)). Plaintiff is thus entitled to pre-judgment interest, "calculated from the date of the breach to the date of judgment," *Quintel Commc'ns, Inc. v. Fed. Transtel, Inc.*, 142 F. Supp. 2d 476, 484 (S.D.N.Y. 2001), at the statutory rate of 9%, *see* N.Y. C.P.L.R. § 5004.

"New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or a 'a single reasonable intermediate date.'" *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998) (quoting *155 Henry Owens Corp. v. Lovlyn Realty Co.*, 647 N.Y.S.2d 30, 32 (2d Dep't 1996)). Here, the eight installment payments were due over the course of a period of months, the midpoint of which is approximately June 15, 2024. Pre-judgment interest will run from that date through the date judgment is entered at 9% per annum.

Plaintiff is also entitled to post-judgment interest at the federal statutory rate. *See Capiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013) ("[F]ederal district courts must apply the federal rate of post-judgment interest to judgments rendered in diversity actions[.]" (citing 28 U.S.C. § 1961)).

However, "[u]nder New York Law, attorney's fees are not recoverable as damages in an action for breach of contract unless expressly agreed to by the parties." *ProImmune Co. v. Does 1–50*, --- F. App'x ---, 2025 WL 558568, at *2 (2d Cir. Feb. 20, 2025) (summary order) (citing *Equitable Lumber Corp. v. IPA Land Dev. Corp*, 38 N.Y.2d 516, 519 (1976)). There is no such attorney's fees provision in the Settlement Agreement, and so the Court must deny Plaintiff's request.

## V.    Conclusion

Plaintiff's motion for summary judgment is granted. Judgment will be entered for Plaintiff in the amount of $400,000, plus pre-judgment interest on that sum accruing at the rate of 9% from June 15, 2024. Post-judgment interest will accrue at the federal statutory rate.


**SO ORDERED.**

_/s/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 7, 2025

7